# ATTACHMENT 1

# (24-F-55)

 West Virginia E-Filing Notice

CC-16-2024-F-54

Judge: H. Charles Carl III

**To:**  G. Isaac Sponaugle, III
isaac@sponauglelaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-54

The following complaintwas FILED on 10/8/2024 2:51:35 PM

Notice Date:     10/8/2024 2:51:35 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

FILED | 10/8/2024 2:51 PM
CC-16-2024-F-54
Hardy County Circuit Clerk
Kelly Shockey

October Term of Court, 2024

### IN THE CIRCUIT COURT
### OF HARDY COUNTY

### STATE OF WEST VIRGINIA

Against

### JOHN W. CRITES, SR AND JOHN W. CRITES, JR. AND KELLY S. CRITES

24-F-53

24-F-54

24-F-____

Indictment:

**1)** FELONY OBTAINING MONEY OR GOODS BY FALSE PRETENSES

**2)** CONSPIRACY TO COMMIT OBTAINING MONEY OR GOODS BY FALSE PRETENSES

**A TRUE BILL**

FOREPERSON OF GRAND JURY

Attest:

H. Orrin Staggers III
**Assistant Prosecuting Attorney**

**STATE OF WEST VIRGINIA,**

**COUNTY OF HARDY, TO-WIT:**

### In the Circuit Court of said County,

### In the OCTOBER Term 2024.

The Grand Jurors of the State of West Virginia, in and for the body of the County of Hardy, and now attending said Court, upon their oaths present:

### COUNT ONE
### Felony Obtaining Money or Goods by False Pretenses

That JOHN W. CRITES, SR. AND JOHN W. CRITES, JR. AND KELLY S. CRITES on or between the 1st day of February, 2024 and the 26th day of February, 2024, in the County of Hardy and State of West Virginia did unlawfully and feloniously, with intent to defraud, obtain from Mark Rexroad any money, goods, or other property, valued at $1,000 or more, by means of any false pretense, token or representation, to wit: twenty-six thousand, one hundred eighty-two dollars and seventy cents ($26,182.70) worth of timbered logs, in violation of Chapter 61, Article 3, Section 24(a)(1), of the Code of West Virginia, as amended, against the peace and dignity of the State.

Page 1 of 2

## COUNT TWO
**Conspiracy to Commit Obtaining Money or Goods by False Pretenses**

That JOHN W. CRITES, SR. AND JOHN W. CRITES, JR. AND KELLY S. CRITES

on or between the 1st day of February, 2024 and the 26th day of February, 2024 in the County of

Hardy and State of West Virginia did unlawfully, feloniously, and intentionally conspire with

each other for the purpose of committing the felony offense of Obtaining Money or Goods by

False Pretenses, and that an overt act was committed in furtherance of that conspiracy which

was subsequent to the agreement and before the conspiracy terminated, to wit: did commit

Obtaining Money or Goods by False Pretenses as described in Counts One (1), in violation

Chapter 61, Article 10, Section 31 of the Code of West Virginia, as amended, against the peace

and dignity of the State.


Found upon the testimony of Capt. J. T. Miller and divers other witnesses duly sworn in

open Court to testify to the truth and sent before the Grand Jury this 8th day of October, 2024.

**A TRUE BILL**

_H. O. _____     _____

ASSISTANT PROSECUTING ATTORNEY     FOREPERSON
HARDY COUNTY, WEST VIRGINIA

Page 2 of 2

FILED | 10/8/2024 2:51 PM
CC-16-2024-F-54
Hardy County Circuit Clerk
Kelly Shockey

## SUMMONS

CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA

Vs

JOHN W. CRITES, JR

CRIMINAL ACTION NO.  24-F-54

TO: JOHN W. CRITES, JR
     471 Point Dr,
     Petersburg, WV

You are hereby summoned to appear before the Judge of our Circuit Court of Hardy County at

the Court House of said County, on the **22nd day of October 2024, at 9:00 a.m.,** to answer a

felony indictment returned against you by the Hardy County, West Virginia Grand Jury.

KELLY J. SHOCKEY, CLERK

By: Kelly J. Shockey



West Virginia E-Filing Notice

CC-16-2024-F-54

Judge: H. Charles Carl III

**To:**  G. Isaac Sponaugle, III
isaac@sponauglelaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. John W. Crites Jr.
CC-16-2024-F-54

The following order - case was FILED on 10/8/2024 2:58:24 PM

Notice Date:    10/8/2024 2:58:24 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

Ref. Code: 24N3WDA9X

FILED | 10/8/2024 2:58 PM
CC-16-2024-F-54
Hardy County Circuit Clerk
Kelly Shockey

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA:

STATE OF WEST VIRGINIA,
    PLAINTIFF,

VS.
                                           CASE NO. 24-F-53
                                           CASE NO. 24-F-54
                                           CASE NO. 24-F-55

JOHN W. CRITES, SR.
350 S COLLIER BLVD. 905
MARCO ISLAND, FL 34145

JOHN W. CRITES, JR.
471 POINT DR
PETERSBURG WV 26847

KELLY S. CRITES
79 HOUSTON DR
PETERSBURG WV 26847

DEFENDANTS.

<u>ORDER</u>

      On this 8th day of October, 2024, came the State of West Virginia by the Hardy County Assistant Prosecuting Attorney, H. Orrin Staggers III, who announced unto the Court that the October, 2024, term of the Hardy County Grand Jury had returned an indictment against the Defendants charging him/her with felony offense(s).

      Upon consideration of the same, the Court finds that the presence of the Defendants is required before the Court. Wherefore, it is hereby ADJUDGED and ORDERED that a summons be issued for the appearance of the Defendants and that an attested copy of this Order be forthwith served upon the Defendants as notice of the Court's Order directing the Defendants to appear in person before the Court on October 22, 2024, at 9:00 a.m. for the purpose of arraignment, setting of bond and to consider other matters.

      Nothing further appearing to be done, this matter is continued to October 22, 2024 at the hour of 9:00 a.m.

      ENTERED this 8th day of October, 2024.

_____
                                 JUDGE

 West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: H. Charles Carl III

**To:** David Robert Pogue
drpogue@cdkrlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following motion was FILED on 10/21/2024 4:31:13 PM

Notice Date:     10/21/2024 4:31:13 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/21/2024 4:31 PM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

**IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA**

**STATE OF WEST VIRGINIA,**

v.                                                    **CIRCUIT COURT CASE NO.: 24-F-55**
                                                                                  **24-F-58**
                                                                                  **24-F-61**
                                                                                  **24-F-64**
                                                                                  **24-F-67**
                                                                                  **24-F-70**

**KELLY S. CRITES,**

   **Defendant.**

### MOTION FOR RECORDS AND TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Defendant, Kelly S. Crites, by counsel, hereby moves this Honorable Court for an order pursuant to West Virginia Rule of Criminal Procedure 6(e)(3)(c)(ii), authorizing the disclosure of the report of proceedings of the grand jury in these matters, including but not limited to transcripts, instructions, minutes and other evidence. In support, the Defendant asserts the following:

1. In the October Term of 2024 of this Court the Defendant was charged in six (6) separate indictments alleging twelve (12) felonies.

2. The indictments each allege that Ms. Crites both (1) obtained money or goods by false pretenses in violation of W. Va. Code § 61-3-24(a)(1) and (2) conspired to commit the offense of obtaining money or goods by false pretenses in violation of W. Va. Code § 61-10-31.

3. All six indictments allege that this purported felonious conduct occurred between February 1, 2024 and May 13, 2024.

4. While grand jury proceedings are typically secret, West Virginia Rule of Criminal Procedure 6(e)(3)(c)(ii) authorizes the disclosure of the proceedings "when permitted by a court at the request of the defendant, upon a showing that grounds *may* exist for a motion

to dismiss the indictment because of matters occurring before the grand jury." (emphasis added).

5. Here, the Defendant asserts that such grounds may exist.

6. Upon information and belief, these charges arise from goods or services purportedly obtained by Alleghany Wood Products ("AWP").

7. During the timeframe alleged in the indictment, the Defendant had no ability to anticipate that the alleged victims in these cases would not be paid in the ordinary course of business.

8. Accordingly, because the Defendant had no plausible criminal intent, there is substantial reason to believe that something occurring before the grand jury improperly led to these meritless indictments against the Defendant.

9. Absent the records of the grand jury proceedings, the Defendant is unable to identify precisely what may have occurred to secure the indictment, whether that be an improper instruction on the applicable law, or misrepresentations made regarding Defendant.

10. Given the substantial likelihood that something occurring within the grand jury proceedings would form the basis for a motion to dismiss this indictment, there is good cause for the Court to authorize the disclosure to the Defendant.

11. If the indictment was obtained by misrepresentations of the law or facts, it would be unreasonable to force the Defendant to incur the burden, expense, and time of combatting these charges through trial.

WHEREFORE, the Defendant respectfully requests that this Court enter an order authorizing release of the minutes, transcripts, and other records of the grand jury proceeding.

Respectfully submitted,

2

KELLY S. CRITES

By Counsel,

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
**CAREY DOUGLAS KESSLER & RUBY PLLC**
707 Virginia Street, East
901 Chase Tower
Charleston, West Virginia 25323
(304) 345-1234
sruby@cdkrlaw.com
drpogue@cdkrlaw.com

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

v.                                                    CIRCUIT COURT CASE NO.: 24-F-55
                                                                              24-F-58
                                                                              24-F-61
                                                                              24-F-64
                                                                              24-F-67
                                                                              24-F-70

KELLY S. CRITES,

      Defendant.


### CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on the 21st day of October, 2024, the

foregoing *Motion for Records and Transcripts of Grand Jury Proceedings* was electronically

filed with the Clerk of Court using the WV E-Filing system, which will send notice of same to

counsel of record.

                                  */s/ Steven R. Ruby*
                                  Steven R. Ruby (WVSB No. 10752)
                                  **CAREY DOUGLAS KESSLER & RUBY PLLC**
                                  707 Virginia Street, East
                                  901 Chase Tower
                                  Charleston, West Virginia 25323
                                  (304) 345-1234
                                  sruby@cdkrlaw.com

 West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: H. Charles Carl III

**To:**  David Robert Pogue
drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

State of West Virginia v. Kelly S. Crites

CC-16-2024-F-55

The following motion was FILED on 10/21/2024 4:39:35 PM

Notice Date:    10/21/2024 4:39:35 PM

Kelly Shockey

CLERK OF THE CIRCUIT COURT

Hardy County

204 Washington St RM 237

MOOREFIELD, WV 26836

(304) 530-0230

kelly.shockey@courtswv.gov

E-FILED | 10/21/2024 4:39 PM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

**IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA**

**STATE OF WEST VIRGINIA,**

v.                                                    **CIRCUIT COURT CASE NO.: 24-F-55**
                                                                                    **24-F-58**
                                                                                    **24-F-61**
                                                                                    **24-F-64**
                                                                                    **24-F-67**
                                                                                    **24-F-70**

**KELLY S. CRITES,**

   **Defendant.**


### <u>OMNIBUS DISCOVERY MOTION</u>

Defendant, Kelly S. Crites, moves this Honorable Court, pursuant to Rule 32 of the West Virginia Trial Court Rules and other pertinent provisions, for an Order directing the State of West Virginia to comply with the following discovery requests:

**1.    Written or Recorded Statements Made by Defendant:**

Defendant requests that the State provide to defense counsel, prior to trial, copies of any relevant written or recorded statements made by Defendant, within the possession, custody or control of the State, the existence of which is known, or by some exercise of due diligence may become known, to the attorney for the State. W. Va. R. Cr. P. 16(a)(1)(A); W. Va. Code § 62-1B-2. This request includes any relevant written or recorded statement made by Defendant to any person, and is not limited to statements made to law enforcement officers. *State v. Lambert*, 175 W. Va. 141, 331 S.E.2d 873 (1985); *State v. Miller*, 178 W. Va. 618, 363 S.E.2d 504 (1987). This request should include any notes or preliminary statements taken by law enforcement officials while questioning Defendant.

1

**2.    Oral Statements Made by Defendant:**

Defendant requests that the State provide to defense counsel, prior to trial and in writing, the substance of any oral statement which the State intends to offer in evidence at the trial made by Defendant, whether before or after arrest, including notes of preliminary statements. W. Va. Code § 62-1B-2; W. Va. R. Cr. P. 16(a)(1)(A). This request includes any oral statement made by Defendant to any person, and is not limited to statements made to law enforcement officers. *State v. Lambert*, 175 W. Va. 141, 331 S.E.2d 873 (1985); Syl. Pt. 3, *State v. Miller*, 178 W. Va. 618, 363 S.E.2d 504 (1987).

**3.    Defendant's Grand Jury Testimony:**

Defendant requests that the State provide to defense counsel, prior to trial, true and complete copies of all recorded testimony before a grand jury which relates to the offense(s) charged – whether felony or misdemeanor. W. Va. R. Cr. P. 16 (a)(1)(A).

**4.    Defendant's Criminal Record:**

Defendant requests that the State furnish to defense counsel, prior to trial, such copy of Defendant's prior criminal record, if any, as is within the possession, custody or control of the State, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the State. W. Va. R. Cr. P. 16 (a)(1)(B).

**5.    Documents and Tangible Objects:**

Defendant requests that the State provide to defense counsel, prior to trial, a written list of all books, papers, documents, photographs, audio recordings, video recordings, tangible objects, maps or drawings of buildings or places, or copies or portions thereof, which are within the possession, custody and control of the State, and which are material to the preparation of his defense or are intended for use by the State as evidence in chief at the trial, or were obtained from or belonged to Defendant. Defendant further requests permission to inspect and copy or photograph the same.

6. **Reports of Examinations and Tests:**

Defendant requests that the State furnish to defense counsel, prior to trial, copies of all results or reports of physical or mental examinations, and of scientific tests or experiments, which are within the possession, custody or control of the State, the existence of which is known or by the exercise of due diligence may become known, to the attorney for the State, and which are material to the preparation of the defense or are intended for use by the State as evidence in chief at trial. W. Va. R. Cr. P. 16(a)(1)(d); W. Va. Code § 62-1B-2; Syl. Pt. 1, *State v. Roy*, 194 W. Va. 276, 460 S.E.2d 277 (1995).

7. **Specific Information Relating to Hearsay:**

Defendant requests that the State furnish to defense counsel, prior to trial, the substance of all hearsay evidence the State intends to introduce pursuant to Rule 807 of the West Virginia Rules of Evidence. *State v. Walker*, 188 W. Va. 661, 425 S.E.2d 616 (1992) (referring to the old rules 803(24) and 803(b)(5), which have since been combined into the new Rule 807).

8. **State Witness list:**

Defendant requests that the State furnish to defense counsel, prior to trial, a written list of the names and addresses of all witnesses whom the State may call in its case in chief. W. Va. R. Cr. P. 16(a)(1)(f).

9. **Rebuttal Witness List:**

Defendant requests that the State furnish to defense counsel, prior to trial, a written list of the names and addresses of all rebuttal witnesses whom the State reasonably anticipates will be used during trial. W. Va. R. Cr. P. 16(a)(1)(F); *State v. Roy*, 194 W. Va. 276, 460 S.E.2d 277 (1995); *State v. Smith*, 220 W. Va. 565, 468 S.E.2d 71 (2007).

10. **Criminal Convictions of State Witnesses:**

Defendant requests that the State furnish to defense counsel, prior to trial and in writing, the record of prior convictions for each witness whom the attorney for the State intends to call in its case-in-chief, which is within the knowledge of the State or by the exercise of due diligence may become known to the State. W. Va. R. Cr. P. 16(a)(1)(F).

**11. Expert Witnesses:**

Defendant requests that the State disclose to defense counsel, prior to trial, a written summary of testimony the State intends to use under Rules 702, 703, or 705 of the West Virginia Rules of Evidence during its case at trial. The summary must describe each witness's opinions, the bases and reasons therefor, and the witness's qualifications. W. Va. R. Cr. P. 16(a)(1)(E).

**12. Identity of Witnesses Before the Grand Jury:**

Defendant requests that the State provide to defense counsel, prior to trial and in writing, the names of all persons who testified before the grand jury regarding this case. W. Va. Code § 52-2-8.

**13. Notice of State's Intention to Use Discoverable Evidence:**

Defendant requests, pursuant to W. Va. R. Cr. P. 12(d)(2), that the State notify defense counsel, in writing, of its intention to use, in its case-in-chief, any evidence which the defendant may be entitled to discover and/or move to suppress pursuant to, respectively, W. Va. R. Cr. P. 16 and 41. This request includes, but is not limited to the following:

(a) Any evidence or information seized or otherwise obtained during a search, or seized or otherwise obtained as a result of a search, executed by government officials or state agents, including the fruit of such search[es]; and

(b) Any pre-trial identification procedure including, but not limited to, line-ups, photo spreads, one-on-one show-ups, and displays of one or more photographs to one or more witnesses or potential witnesses.

**14. State's Intent to Use Collateral Crimes/Other Wrongs Evidence:**

Defendant requests that the State provide defense counsel, prior to trial and in writing, notice of its intention to use at trial collateral crime evidence and evidence of other crimes, wrongs, or acts, and, as well, a statement of the State's theory of admissibility with respect to each item of such Rule 404(b) evidence. W. Va. R. Evid. 404(b); *State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994); *State v. Larock*, 196 W. Va. 294, 470 S.E.2d 613 (1996).

**15. Notice of State's Intention to Use Flight Evidence:**

Defendant requests that the State furnish written notice of its intention to use evidence of flight at trial and also the particulars as to the time, date, place and persons relevant thereto. *State v. Payne*, 167 W. Va. 252, 280 S.E. 2d 72 (1981); *see also Acord v. Hedrick*, 176 W. Va. 154, 342 S.E.2d 120 (1986).

**16. Pre-Trial Production of Statements of State Witness:**

Defendant requests, pursuant to W. Va. R. Cr. P. 26.2 and W. Va. Const. Art. III, § 14, that the State produce, in advance of trial, any statement, as defined by W. Va. R. Cr. P. 26.2(f), made by a witness who will be called to testify in the State's case-in-chief at trial. *State v. Gale*, 177 W.Va. 337, 352 S.E.2d 87 (1986); *State v. Watson*, 173 W.Va. 553, 318 S.E.2d 603 (1984); *State v. Miller*, 184 W.Va. 492, 401 S.E.2d 237 (1990). This request includes, but is not limited to:

    (a)    Statement[s], however taken or recorded or a transcription thereof, made by the witness to a grand jury. W. Va. R. Cr. P. 26.2(f)(3); *State v. Watson*, 173 W.Va. 553, 318 S.E.2d 603 (1984);

    (b)    Written statement[s] made by a witness that is signed or otherwise adopted or approved by the witness. W. Va. R. Cr. P. 26.2(f)(1);

    (c)    A substantially verbatim recital of an oral statement made by the witnesses that is recorded contemporaneously with the making of the oral statement and that is contained in a stenographic, mechanical, electrical or other recording, or a transcription thereof. W. Va. R. Cr. P. 26.2(f)(2); and

    (d)    Reports of police officers. *State v. Miller*, 184 W.Va. 492, 401 S.E.2d 237 (1990).

**17. Pre-Trial Production of Grand Jury Transcripts**

Defendant requests, pursuant to W. Va. R. Cr. P. 6, and W. Va. Const. Art. III, § 14, that the State provide to defense counsel, prior to trial, transcripts of the proceedings before the grand jury which returned the indictment(s) in this case/these cases, and, any other minutes and notes required to be kept, including the number of grand jurors concurring in the finding of the indictments in this case/these cases and a copy of the instructions provided to the grand jury. In support hereof, defense counsel states:

(a)    That the disclosure to defense counsel of matters occurring before the grand jury may show that grounds exist for a motion to dismiss;

(b)    That the record required to be kept by W. Va. R. Cr. P. 6(c) may reveal the failure of a requisite number of grand jurors to have concurred;

(c)    That disclosure to the defense counsel of matters occurring before the grand jury will reveal evidence which tends to exculpate Defendant by indicating his/her innocence and impeaching the credibility of potential State witnesses, which disclosure is compelled under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

**18.  Electronic Surveillance:**

Defendant requests that the State provide to defense counsel written notice of any mail cover, wire cover, electronic surveillance, and/or surveillance by any mechanical or physical means used in connection with this case. Defendant further requests that the State provide to defense counsel a copy of the Court order authorizing such surveillance, as well as copies of all other materials provided to the Court issuing said order, in support of the application for said surveillance. W. Va. Code § 62-1D-11(j-k).

**19.  Exculpatory and Impeachment Material:**

Defendant requests that the State provide to defense counsel, in writing and prior to trial, all exculpatory materials favorable to the accused and which may negate or tend to negate guilt for the offense alleged or which may mitigate punishment, and all evidence which could reasonably weaken or impeach any evidence proposed by the State to be introduced against Defendant. W. Va. Const. art. 3, § 10 and § 14, U. S. Const. amends 5, 6 and 14; *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); and *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007).

**20.  Witness's Failure to Inculpate the Defendant:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, (1) any statement made by an informed witness which failed to mention Defendant, *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978); and (2) any failure by an eyewitness to identify Defendant as an actor in a transaction in which the State contends Defendant personally participated. *Brady*

*v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); and *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007).

**21.   Offers of Leniency to State Witnesses:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, the terms of any plea bargain, offer of leniency or immunity, or other inducement or agreement, whether oral or written, offered or actually given, to any witness whom the State intends to call at trial. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); and *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007).

**22.   Juvenile & Criminal Records of State Witnesses:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, the prior juvenile and criminal records or other prior material acts of misconduct of any witness, including the State's alleged victim, whom the State intends to call at trial. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991). This includes all declarants whose out-of-court statements the State will seek to introduce as an exception to the hearsay rule. W. Va. R. Evid. 806; *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995).

**23.   Probation Reports of State Witnesses:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, a copy of any federal or state probation or presentence report of each prospective State witness. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *see also United States v. Figurski*, 545 F.2d 389 (4th Cir. 1976); *United States v. Anderson*, 724 F.2d 596 (7th Cir. 1984) (presentence report contents that impeach witness's credibility are discoverable; interpreting *Figurski*); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

**24. Complaining Witness's Efforts to Dismiss Charge:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, all oral or written requests by a complaining witness or victim to withdraw a complaint or to otherwise cause the dismissal of the charges alleged herein. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); and *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007).

**25. Polygraph Tests:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, the oral and written results of any polygraph test administered to a prospective State witness. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Carter v. Rafferty*, 826 F.2d 1299 (3rd Cir. 1987).

**26. Investigations of State Witnesses:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, any evidence that a prospective government witness – including the State's alleged victim – is or has been under investigation by federal, state, or local authorities for any criminal conduct unrelated to the instant case. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Chitty*, 760 F.2d 425 (2nd Cir. 1985) *cert. denied* 474 U.S. 945 (1985); *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007).

**27. Prior False Statements of State Witnesses:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, any evidence that any prospective State witness – including the State's alleged victim – has ever made any false statement to authorities, whether or not under oath or penalty of perjury. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Strifler*, 851 F.2d at 1202 (9th Cir. 1988); *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007).

**28. Bias/Motive of State Witnesses:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, any evidence that a prospective State witness is biased or prejudiced, or has a motive to be biased

or prejudiced, against Defendant for any reason. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Strifler*, 851 F.2d at 1201 (9th Cir. 1988); *United States v. Sperling*, 726 F.2d 69 (2nd Cir. 1984); *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007)

**29. Inconsistent Statement(s) of State Witnesses:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, any evidence that a prospective State witness has made a contradictory or inconsistent statement with regard to this case, and evidence that the testimony of a prospective State witness is inconsistent with any statement of any other person or prospective witness. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979); *United States v. Hibler*, 463 F.2d 455 (9th Cir. 1972); *Mesarosh v. United States*, 353 U.S. 1 (1956); *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975); *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007).

**30. Medical/Psychiatric Condition of State Witnesses:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective State witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980); *United States v. Society of Independent Gasoline Marketers of America*, 624 F.2d 461 (4th Cir. 1980).

**31. Informant's CI File:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, that the prosecution intends to call an informant in this case, and provide a copy of the informant's personnel ("CI") file. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995) *United States v. Garrett*, 542 F.2d 23 (6th Cir. 1973) (concerning an undercover police officer, not a CI); *United States v. Austin*, 492 F.Supp.502 (N.D. Ill. 1980) (employee files

9

of government employees and witnesses are discoverable); *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007)

**32.  Evidence of Other Suspects in This Case:**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, any evidence that someone other than Defendant committed, or was ever suspected of committing, either the crimes charged or of performing the role in the offense which the State intends to prove was performed by Defendant. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Miller v. Angliker*, 848 F.2d 1312 (2nd Cir. 1988); *Bowen v. Maryland*, 799 F.2d 593 (10th Cir. 1986); *James v. Jago*, 575 F.2d 1164 (6th Cir. 1978); *State v. Youngblood*, 220 W. Va. 20, 650 S.E.2d 119 (2007).

**33.  Witnesses Not Called by The State**

Defendant requests that the State disclose to defense counsel, in writing and prior to trial, the names and addresses of witnesses to the offenses allegedly committed by Defendant whom the State does not intend to call at trial. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Cadet*, 727 F.2d 1453, 1468-69 (9th Cir. 1984); *State v. Bennett*, 176 W.Va. 1, 339 S.E.2d (1985); *State v. Mansfield*, 175 W.Va. 397, 332 S.E.2d 862 (1985).

**34.  Interviews and Statements**

Defendant requests that the State provide copies of any and all interviews with alleged victim(s) and/or with potential witnesses. To the extent these interviews are available in digital format (such as audio and/or video files), Defendant requests to receive them in this same medium. However, Defendant further requests any and all written communications between the State and the alleged victims and/or the State and potential witnesses – whether the witnesses support or refute the allegations and/or the Indictment.

10

**35. Additional Discovery Requests:**

Defendant requests permission to file such additional discovery requests as defense counsel deems necessary as a result of further investigation of this case and the production of the State's discovery responses.

Therefore, Defendant respectfully prays this Honorable Court for the relief requested in the premises herein, as well as any other relief which this Honorable Court deems proper.

Respectfully submitted,

KELLY S. CRITES

*By Counsel,*

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
**CAREY DOUGLAS KESSLER & RUBY PLLC**
707 Virginia Street, East
901 Chase Tower
Charleston, West Virginia 25323
(304) 345-1234
sruby@cdkrlaw.com
drpogue@cdkrlaw.com

**IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA**

**STATE OF WEST VIRGINIA,**

v.                                                       **CIRCUIT COURT CASE NO.: 24-F-55**
**24-F-58**
**24-F-61**
**24-F-64**
**24-F-67**
**24-F-70**

**KELLY S. CRITES,**

    **Defendant.**

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on the 21st day of October, 2024, the

foregoing *Omnibus Discovery Motion* was electronically filed with the Clerk of Court using the

WV E-Filing system, which will send notice of same to counsel of record.

                                           */s/ Steven R. Ruby*
                                           Steven R. Ruby (WVSB No. 10752)
                                           **CAREY DOUGLAS KESSLER & RUBY PLLC**
                                           707 Virginia Street, East
                                           901 Chase Tower
                                           Charleston, West Virginia 25323
                                           (304) 345-1234
                                           sruby@cdkrlaw.com

12



West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: H. Charles Carl III

**To:** David Robert Pogue
drpogue@cdkrlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following motion was FILED on 10/21/2024 4:45:37 PM

Notice Date:    10/21/2024 4:45:37 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/21/2024 4:45 PM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

# IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

**STATE OF WEST VIRGINIA,**

v.                                                    **CIRCUIT COURT CASE NO.: 24-F-55**
                                                                          **24-F-58**
                                                                          **24-F-61**
                                                                          **24-F-64**
                                                                          **24-F-67**
                                                                          **24-F-70**

**KELLY S. CRITES,**

    **Defendant.**

## MOTION FOR SPEEDY TRIAL

Defendant, Kelly S. Crites, by counsel, hereby invokes her statutory and constitutional

speed trial rights. Accordingly, Defendant moves this Honorable Court for trial on the above

captioned matters within the present term of court pursuant to West Virginia Code, § 62-3-1, and

*Keller v. Ferguson*, 177 W.Va. 616 (1987). In support, the Defendant asserts that she was indicted

in each matter during the October 2024 term of the circuit court and by this motion requests a trial

on each within the same term of court.

Respectfully submitted,

KELLY S. CRITES

By Counsel,

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
**CAREY DOUGLAS KESSLER & RUBY PLLC**
707 Virginia Street, East
901 Chase Tower
Charleston, West Virginia 25323
(304) 345-1234
sruby@cdkrlaw.com
drpogue@cdkrlaw.com

**IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA**

**STATE OF WEST VIRGINIA,**

v.                                          **CIRCUIT COURT CASE NO.: 24-F-55**
                                                            **24-F-58**
                                                            **24-F-61**
                                                            **24-F-64**
                                                            **24-F-67**
                                                            **24-F-70**


**KELLY S. CRITES, SR,**

   **Defendant.**

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on the 21st day of October, 2024, the

foregoing *Motion for Speedy Trial* was electronically filed with the Clerk of Court using the

WV E-Filing system, which will send notice of same to counsel of record.


                                   */s/ Steven R. Ruby*
                                   Steven R. Ruby (WVSB No. 10752)
                                   **CAREY DOUGLAS KESSLER & RUBY PLLC**
                                   707 Virginia Street, East
                                   901 Chase Tower
                                   Charleston, West Virginia 25323
                                   (304) 345-1234
                                   sruby@cdkrlaw.com

 West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: H. Charles Carl III

**To:**  David Robert Pogue
     drpogue@cdkrlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

State of West Virginia v. Kelly S. Crites

CC-16-2024-F-55

The following supporting documents was FILED on 10/22/2024 8:09:38 AM

Notice Date:     10/22/2024 8:09:38 AM

Kelly Shockey

CLERK OF THE CIRCUIT COURT

Hardy County

204 Washington St RM 237

MOOREFIELD, WV 26836

(304) 530-0230

kelly.shockey@courtswv.gov

> FILED | 10/22/2024 8:09 AM
> CC-16-2024-F-55
> Hardy County Circuit Clerk
> Kelly Shockey
> CLERK

## ADMINISTRATIVE ORDER

DEPUTY

### SUPREME COURT OF APPEALS OF WEST VIRGINIA

RE:  TEMPORARY ASSIGNMENT OF THE HONORABLE MICHAEL D. LORENSEN TO THE CIRCUIT COURT OF HARDY COUNTY IN THE TWENTY-SECOND JUDICIAL CIRCUIT TO PRESIDE OVER THE FOLLOWING CASES AND INVESTIGATION:

STATE OF WEST VIRGINIA V. JOHN W. CRITES, SR., HARDY COUNTY CASE NOS. 24-F-53, 56, 59, 62, 65, AND 68;

STATE OF WEST VIRGINIA V. JOHN W. CRITES, JR., HARDY COUNTY CASE NOS. 24-F-54, 57, 60, 63, 66, AND 69;

STATE OF WEST VIRGINIA V. KELLY S. CRITES, HARDY COUNTY CASE NOS. 24-F-55, 58, 61, 64, 67, AND 70; AND

STATE OF WEST VIRGINIA V. JOHN W. CRITES, SR., JOHN W. CRITES, JR., AND KELLY S. CRITES, INVESTIGATION NO. HCSO-024-048

By letter dated October 21, 2024, the Honorable H. Charles Carl, III and the Honorable C. Carter Williams, Judges of the Twenty-Second Judicial Circuit, have advised the Chief Justice of the Supreme Court of Appeals that they wish to recuse themselves voluntarily from presiding over the above-styled cases and investigation.

The Chief Justice, upon review of the reasons for the recusals, deems the same to be warranted.

IT IS THEREFORE ORDERED that the requests for voluntary recusal by Judges Carl and Williams are granted.

IT IS FURTHER ORDERED that the Honorable Michael D. Lorensen, Judge of the Twenty-Third Judicial Circuit, be, and he hereby is, assigned to the Circuit Court of Hardy County in the Twenty-Second Judicial Circuit under the provisions of Article VIII, § 3 of the Constitution of West Virginia for the purpose of presiding over the above-styled cases and any matters relating to Investigation No. HCSO-024-048 and over any future proceedings in the Circuit Court of Hardy County related thereto.

IT IS FURTHER ORDERED that the Circuit Clerk of Hardy County record this Order in the Office of the said Clerk and provide copies of the same to all parties of record or their counsel.

IT IS FURTHER ORDERED that the Circuit Clerk of Hardy County forward to Judge Lorensen copies of documents and materials in the Clerk's Office as directed by him.

ENTERED: OCTOBER 21, 2024

TIMOTHY P. ARMSTEAD
Chief Justice

 West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:**   David Robert Pogue
         drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

This notice of judge reassignment was FILED on 10/22/2024 8:20:50 AM

Notice Date:    10/22/2024 8:20:50 AM

Original Judge:  H. Charles Carl III
New Judge:      Michael Lorensen

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov



West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:**   David Robert Pogue
         drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following supporting documents was FILED on 10/22/2024 2:56:46 PM

Notice Date:      10/22/2024 2:56:46 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

FILED | 10/22/2024 2:56 PM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

# IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

**STATE OF WV**                                    **Plaintiff**


**VS**                                            **Case Number: 24-F-55, 24-F-58**
                                                  **24-F-61, 24-F-64**
                                                  **24-F-67, 24-F-70**


**KELLY S. CRITES**                    **Defendant**


STATE OF WEST VIRGINIA, HARDY COUNTY, to wit:

BE IT REMEMBERED, that on this 22nd day of October 2024, **KELLY S. CRITES.** appeared before me, Deborah Hines, Deputy Circuit Clerk of Hardy County Circuit Court and acknowledged herself to be indebted to the State of West Virginia, in the manner and form following:

**$5,012.00**
**PERSONAL RECOGNIZANCE BOND**
**KELLY S. CRITES**

to be respectively made and levied of their goods, chattels, lands, and tenements for the use of the State of West Virginia rendered, if the said **KELLY S. CRITES** shall make default in the performance of the conditions underwritten.

THE CONDITIONS OF THE ABOVE RECOGNIZANCE ARE SUCH, that if the above bound **KELLY S. CRITES** does and shall personally appear before the Hardy County Circuit Court at all future times as the Court may require to answer to the charges now pending against him and shall not depart thence without leave of said Court, then the above recognizance shall be void; otherwise to remain in full force and virtue.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
MARY BRENNSKAG
Hardy Co. Circuit Clerk's Office
204 Washington Street
Moorefield, WV 26836
My Commission Expires April 23, 2028

KELLY S. CRITES

NOTARY/WITNESS

Taken and acknowledged before me the day and year first above written.


**KELLY J. SHOCKEY, CLERK**

_Deborah J. Hines_**, DEPUTY**



West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:**   David Robert Pogue
drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following supporting documents was FILED on 10/23/2024 9:25:59 AM

Notice Date:    10/23/2024 9:25:59 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

**FILED | 10/23/2024 9:25 AM**
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey



24-F-55, 5B,
61, 64, 67, 70
Court Case ID

**State of West Virginia**
**COURT DISPOSITION REPORTING**

166000007794

TCN Number

Page 1 of 2

## COMPLETED BY ARRESTING OFFICER WITH FINGERPRINTS AS REQUIRED BY LAW

| Full Name | | | | DNA | SID | | Juv. Charged As Adult |
|---|---|---|---|---|---|---|---|
| CRITES, KELLY S | | | | | 1316655 | | |
| Address | | | | | | Weight | Height |
| 79 HOUSTON DRIVE, PETERSBURG, WV 26847 | | | | | | 150 | 504 |
| Date Of Arrest | Date Of Birth | | Social Security Number | | | Sex | Race |
| 10 / 22 / 2024 | 11 / 02 / 1966 | | 236 - 04 - 5329 | | | F | W |
| Arresting Officer | | Officer ID | | Law Enforcement Agency | | | |
| SGT MT SHERMAN | | 415 | | WVWSP2800 – WVSP MOOREFIELD | | | |
| Court Of Jurisdisdiction | | County of Adjudication | | Address of Court | | | |
| ☐ Municipal  ☐ Magistrate  ☒ Circuit | | HARDY | | 204 Washington Street Moorefield WV 26836-1155 | | | |

## CHARGES

| | Initial Charge | Reduced Charge | Felony | DOD |
|---|---|---|---|---|
| 01 | OBTAINING PROPERTY BY FALSE PRETENSE >$1000 GRAND JURY INDICTMENT | | Y | / / |
| 02 | OBTAINING PROPERTY BY FALSE PRETENSE >$1000 GRAND JURY INDICTMENT | | Y | / / |
| 03 | OBTAINING PROPERTY BY FALSE PRETENSE >$1000 GRAND JURY INDICTMENT | | Y | / / |
| 04 | OBTAINING PROPERTY BY FALSE PRETENSE >$1000 GRAND JURY INDICTMENT | | Y | / / |
| 05 | OBTAINING PROPERTY BY FALSE PRETENSE >$1000 GRAND JURY INDICTMENT | | Y | / / |
| 06 | OBTAINING PROPERTY BY FALSE PRETENSE >$1000 GRAND JURY INDICTMENT | | Y | / / |
| 07 | CONSPIRACY TO COMMIT FELONY AGAINST STATE GRAND JURY INDICTMENT | | Y | / / |
| 08 | CONSPIRACY TO COMMIT FELONY AGAINST STATE GRAND JURY INDICTMENT | | Y | / / |
| 09 | CONSPIRACY TO COMMIT FELONY AGAINST STATE GRAND JURY INDICTMENT | | Y | / / |
| 10 | CONSPIRACY TO COMMIT FELONY AGAINST STATE GRAND JURY INDICTMENT | | Y | / / |
| 11 | CONSPIRACY TO COMMIT FELONY AGAINST STATE GRAND JURY INDICTMENT | | Y | / / |
| 12 | CONSPIRACY TO COMMIT FELONY AGAINST STATE GRAND JURY INDICTMENT | | Y | / / |

State of West Virginia
**COURT DISPOSITION REPORTING**

Court Case ID

**166000007794**

TCN Number

Page 2 of 2

**COMPLETED BY ARRESTING OFFICER WITH FINGERPRINTS AS REQUIRED BY LAW**

## COURT FINDING

IF COURT ACTION IS TO BIND OFFENDER TO A HIGHER COURT,
THEN THE CDR FORM SHALL BE FORWARDED TO THE HIGHER
COURT FOR FURTHER ACTION

| Charge | No Contest | Plea of Guilty | Found Guilty | Found Not Guilty | Dismissed Per State | Assessed Fine and Cost | No Probable Cause | Fugitive From Justice | Bind to Higher Court | Sentence Imposed |
|---|---|---|---|---|---|---|---|---|---|---|
| 01 | | | | | | | | | | |
| 02 | | | | | | | | | | |
| 03 | | | | | | | | | | |
| 04 | | | | | | | | | | |
| 05 | | | | | | | | | | |
| 06 | | | | | | | | | | |
| 07 | | | | | | | | | | |
| 08 | | | | | | | | | | |
| 09 | | | | | | | | | | |
| 10 | | | | | | | | | | |
| 11 | | | | | | | | | | |
| 12 | | | | | | | | | | |



West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:**  David Robert Pogue
       drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following supporting documents was FILED on 10/23/2024 2:07:59 PM

Notice Date:     10/23/2024 2:07:59 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

FILED | 10/23/2024 2:07 PM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

## IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,
        Plaintiff,

v.                                        Investigation No. HCSO-024-048

JOHN W. CRITES SR.
JOHN W. CRITES JR.
KELLY S. CRITES.
        Defendants.

### ORDER OF DISQUALIFICATION

On this the 17th day of October, 2024, came the State of West Virginia by H. Orrin Staggers III, Prosecuting Attorney in and for Hardy County, West Virginia and moved the Court that said Prosecuting Attorney and his staff be disqualified from the above styled case and further moved the Court for the appointment of a Special Prosecutor and after full consideration of all matters presented to the Court by said Prosecuting Attorney, the Court is of the opinion to and does hereby grant and sustain said Motion for Disqualification and for the appointment of a Special Prosecutor in regard to further proceedings herein.

It is accordingly adjudged and ordered that the Office of the Prosecuting Attorney of Hardy County, West Virginia, is hereby disqualified from further proceedings herein and in order to facilitate the appointment of a Special Prosecutor, the Court will request that the West Virginia Prosecuting Attorney Institute appoint a Special Prosecutor pursuant to the provisions of West Virginia Code § 7-4-6.

It is further ordered that the Clerk of this Court make, prepare and transmit a copy of this Order to the Office of the Prosecuting Attorney of Hardy County, West Virginia, which shall

serve as notice of disqualification and it is further ordered that the Clerk of this Court make,

prepare and transmit an additional copy of this Order together with the Request for Appointment

of Special Prosecutor Form to Philip W Morrison, II, Executive Director of the West Virginia

Prosecuting Attorneys Institute, 1124 Smith Street, Suite 4500, Charleston WV 25301.

ENTERED: _____10/22/24_____

_____

CIRCUIT COURT JUDGE
22ND JUDICIAL CIRCUIT



West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:** David Robert Pogue
drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following order - case was FILED on 10/23/2024 10:22:40 AM

Notice Date:      10/23/2024 10:22:40 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

/s/ Michael Lorensen
Circuit Court Judge
Ref. Code: 244GBGGDX

E-FILED | 10/23/2024 10:22 AM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

## IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

**STATE OF WEST VIRGINIA,**

v.                                          **CRIMINAL ACTION NO.: 24-F-55**
                                         **24-F-58,  24-F-61, 24-F-64, 24-F-67, 24-F-70**

**KELLY S. CRITES.**
    **Defendant.**

### ARRAIGNMENT ORDER AND TRIAL SCHEDULE

This matter came before the Court on the 22nd day of October 2024, upon the appearance of the State, by **H. Orrin Staggers, III**, Esquire, and upon the appearance of the Defendant in person, and by counsel, **Steven Robert Ruby** and **David Robert Pogue**, Esquires.

The Court arraigned the Defendant, who entered a plea of not guilty, and the Court **ORDERED** the parties to appear before the Court on the following dates:
_____ Defendant waived speedy trial X_____ Defendant requests speedy trial

**TRIAL BY JURY:        JANUARY 21, 2025, AT 9:00 AM**

**PRETRIAL:              DECEMBER 23, 2024, AT 9:00 AM**

The Defendant requested discovery pursuant to W. Va. R. Crim. P. 16, which the Court **ORDERED** the State to provide.  The State provided discovery in court. Following discovery production by the State, the Court **ORDERED** the Defendant to respond to the State's requested discovery within **10** days.

The Court **ORDERS** the parties to file in writing all competency, insanity, suppression issues, and all motions in bar of trial fourteen (14) days in advance of the pre-trial hearing.

On the question of bond, the Court **ORDERED** as follows:

_____ The Defendant moved that the Court reinstate and convert the Magistrate Court bond to the Circuit Court bond and continue the bond with the same conditions, including the Defendant's faithful appearance at all hearing and trial dates, and upon such other conditions as the Court designated or may designate.  Since the State did not object, the Court **ORDERED** the bond **CONTINUED**.

_____ The Court **ORDERED** the Defendant **REMANDED** to custody pending further proceedings herein.

**MDL** The Defendant moved to be admitted to bond and it appearing to the Court that the Defendant was entitled to have a bond set, the Court **ORDERED** bond set in the sum of **$5,000.00 Personal Recognize Bond**, as approved by the Clerk. The Court conditioned the bond upon Defendant's faithful appearance at all hearing and trial dates, and upon such other conditions as the Court designated or may designate. The Court further **ORDERED** that until such time as the Defendant makes bond, the Court **REMANDED** the Defendant to custody pending further proceedings.

The Court further **ORDERS** the following additional conditions of Defendant's bond, where bond has been set:

1. Defendant shall not violate the law of this State, any other State, or of the United States of America, including Municipal Ordinances.

2. Defendant shall not use, or possess, illegal controlled substances and shall be subject to random drug screening by the Probation Department. The Court taxes the cost of drug testing to the Defendant.

3. Defendant shall faithfully appear at all hearings and as otherwise required by the Court, or counsel, and keep the Court and counsel apprised of a valid address at all times.

4. _____ The Defendant shall have no contact, directly or indirectly, with the alleged victim or the victim's family.

5. _____ The Defendant shall not leave the State of West Virginia for any reason without the permission of the Court's Probation Officer.

6. _____

The Clerk shall enter this Order and transmit attested copies to counsel of record, any *pro se* parties, and to the Court's Probation Officer.

Entered this 23RD day of October 2024.

_____
Michael D. Lorensen, Circuit Judge



West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:**  David Robert Pogue
drpogue@cdkrlaw.com

# NOTICE OF FILING

### IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following supporting documents was FILED on 10/30/2024 3:59:08 PM

Notice Date:      10/30/2024 3:59:08 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/30/2024 3:59 PM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

**IN THE CIRCUIT COURT OF HARDY COUN...**

STATE OF WEST VIRGINIA,

v.                                            CASE NOS.: 24-F-53-70

JOHN W. CRITES, SR.,
JOHN W. CRITES, JR.,
KELLY S. CRITES,
            *Defendants.*

### STATE'S RESPONSE TO DEFENDANT'S MOTION FOR RECORDS AND TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Now comes the State of West Virginia by its assistant prosecuting attorney, H. Orrin Staggers III, Esq. to respond to Defendants' Motions for Records and Transcripts of Grand Jury Proceedings.

Defendants have each filed the same Motion with the contents and basis for the Motion being essentially mirror images. Accordingly, the State requests the Court consider this response to each of Defendants' Motions given their similarities.

Defendants base their Motions on the argument that grounds *may* exist for a motion to dismiss the indictment. They go on to claim that criminal intent is absent because of "no ability to anticipate that the alleged victims in these cases would not be paid[.]" There is little precedent that can be found to provide an analytical framework for a Court to utilize in making a decision such as this.

However, in the absence of such precedent, the State requests the Court to follow the general rule detailed in Rule 16 of the West Virginia Rules of Criminal Procedure which states: "[e]xcept as provided in Rules 6, 12(i) and 26.2, and subdivision (a)(1)(A) of this rule, these rules do not relate to discovery or inspection of recorded proceedings of a grand jury" as well as the Court's common practice which the Court noted in following that of the Honorable Judge Frye: denying such request if the officer presenting the matter before the Grand Jury will not be called as a witness in the State's case-in-chief. *W. Va. R. Crim. Pro. 16(a)(3).*

The relevant exception to the general rule Defendant is asserting is provided in Rule 6(e)(3)(C)(ii) which states: "[d]isclosure otherwise prohibited by this rule of matters occurring before

Page **1** of **4**

the grand jury may also be made…when permitted by a court at the request of the defendant, *upon a showing* that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury[.]" *W. Va. R. Crim. Pro. 6(e)(3)(C)(ii) (emphasis added)*. As will be discussed below, Defendants have not made such a showing.

Additionally, Black's Law Dictionary defines probable cause as "a reasonable ground to suspect that a person has committed or is committing a crime or that a place contains specific items connected with a crime." *Black's Law Dictionary 1321 (9th ed. 2009)*. The Defendants in this matter are the sole officers of the corporation. Based upon their positions within the corporation, there is certainly reasonable ground to suspect Defendant's committed the allegations contained within the Indictments and for Grand Jury to make such a finding.

Defendants are asking this Court to infiltrating the sanctity of the Grand Jury proceedings to allow the Defendants to comb for straws to grasp as a basis for further unsupported arguments for lack of probable cause is improper and time wasting. Defendants' arguments for disclosure on the basis of inability to identify precisely what may have occurred to secure the indictment without a showing of *any* law or fact in support of their position is not sufficient for the Court to stray from the general rule against disclosure. At this juncture, they have made no showing of a substantive basis for disclosure of the private proceedings other than their disagreement with the Grand Jury's finding of probable cause.

Moreover, it is important to note that the jurors that presided over this matter were in their third (3rd) term as the sitting Grand Jury. They had been instructed on the process, various laws of this State, and the evidentiary standards that must be met in order to return a true bill on three (3) separate occasions and presided over dozens of cases by the time they had considered this matter for indictment. As such, these members of the grand jury were seasoned in the understanding of probable cause and the elements of each charge they were considering. Counsel not liking the decisions made by the Grand Jury is not a ground to open their proceedings and subject their decision to scrutiny.

Therefore, the State respectfully requests the Court deny the Defendants' Motions for Records and Transcripts of Grand Jury Proceedings.

Respectfully submitted this 30th day of October, 2024.

State of West Virginia _____
By Counsel

/s/ H. Orrin Staggers III
H. Orrin Staggers III (WV Bar #13266)
Hardy County Assistant Prosecuting Attorney
204 Washington Street
Moorefield, WV 26836

## CERTIFICATE OF SERVICE

I, H. Orrin Staggers III, Assistant Prosecuting Attorney for Hardy County, West Virginia do hereby certify that I have served a true copy of the foregoing **STATE'S RESPONSE TO DEFENDANTS' MOTIONS FOR RECORDS AND TRANSCRIPTS OF GRAND JURY PROCEEDINGS** upon counsel for Defendants, by e-file notification on this the 30th day of October, 2024.

_/s/ H. Orrin Staggers III_
H. Orrin Staggers III (WV Bar #13266)
Hardy County Assistant Prosecuting Attorney
204 Washington Street
Moorefield, WV 26836



West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:**   David Robert Pogue
drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following motion was FILED on 10/31/2024 1:19:43 PM

Notice Date:     10/31/2024 1:19:43 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 10/31/2024 1:19 PM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

## IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

**STATE OF WEST VIRGINIA,**

**v.**                                    **CIRCUIT COURT CASE NO.: 24-F-55**
                                                                    **24-F-58**
                                                                    **24-F-61**
                                                                    **24-F-64**
                                                                    **24-F-67**
                                                                    **24-F-70**

**KELLY S. CRITES,**

   **Defendant.**

### <u>EXPEDITED MOTION FOR BILL OF PARTICULARS</u>

Defendant, Kelly S. Crites, by counsel, hereby moves this Honorable Court pursuant to West Virginia Rule of Criminal Procedure 7(f) for a bill of particulars in the above-styled cases. The Sixth Amendment to the United States Constitution and Article III, § 14 of the West Virginia Constitution entitle Ms. Crites to be informed of the nature and cause of the accusation against her. The indictments here, however, make a bare allegation of fraud with no allegations of any specific conduct at all, or any explanation of how Ms. Crites allegedly committed a fraud. This does not satisfy the Sixth Amendment and the West Virginia Constitution, which require that a defendant be given information sufficient to prepare a defense. *See United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981) (*citing Russell v. United States*, 369 U.S. 749, 763-64 (1962)); *State v. Ash*, 80 S.E.2d 339, 342 (W. Va. 1954). Where, as here, an indictment does not provide such information, the defendant is entitled to a bill of particulars:

> "It is fundamental that the accused must be fully and plainly informed of the character and cause of the accusation. The Constitution so requires. . . . A bill of particulars is for the purpose of furnishing details omitted from the accusation or indictment, to which the defendant is entitled before trial."

*State v. Meadows*, 304 S.E.2d 831, 838 (W. Va. 1983) (*quoting State v. Counts*, 110 S.E. 812, 814 (W. Va. 1922)).

The need for a bill of particulars is especially acute here, where Ms. Crites had no dealings whatsoever with any of the alleged victims and has no idea what alleged conduct underlies the indictment. Astoundingly, the discovery provided by the state contains no information about any conduct by Ms. Crites. For the foregoing reasons, Ms. Crites respectfully requests that this Court order the State to file a bill of particulars sufficient to inform her of the specific offense conduct that the State is accusing her of committing.

Further, because the bill of particulars is necessary for Ms. Crites to determine what other pretrial motions may be warranted—potentially including a motion to dismiss—Ms. Crites respectfully requests that the Court enter an expedited briefing schedule.

Respectfully submitted,

KELLY S. CRITES

By Counsel,

*/s/ Steven R. Ruby*
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
**CAREY DOUGLAS KESSLER & RUBY PLLC**
707 Virginia Street, East
901 Chase Tower
Charleston, West Virginia 25323
(304) 345-1234
sruby@cdkrlaw.com
drpogue@cdkrlaw.com

**IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA**

**STATE OF WEST VIRGINIA,**

v.

**CIRCUIT COURT CASE NO.: 24-F-55**
**24-F-58**
**24-F-61**
**24-F-64**
**24-F-67**
**24-F-70**

**KELLY S. CRITES, SR,**

    **Defendant.**

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on the 31st day of October, 2024, the foregoing *Expedited Motion for Bill of Particulars* was electronically filed with the Clerk of Court using the WV E-Filing system, which will send notice of same to counsel of record.

          */s/ Steven R. Ruby*
          Steven R. Ruby (WVSB No. 10752)
          **CAREY DOUGLAS KESSLER & RUBY PLLC**
          707 Virginia Street, East
          901 Chase Tower
          Charleston, West Virginia 25323
          (304) 345-1234
          sruby@cdkrlaw.com



West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:**  David Robert Pogue
drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

State of West Virginia v. Kelly S. Crites

CC-16-2024-F-55

The following order - motion was FILED on 11/8/2024 12:50:21 PM

Notice Date:    11/8/2024 12:50:21 PM

Kelly Shockey

CLERK OF THE CIRCUIT COURT

Hardy County

204 Washington St RM 237

MOOREFIELD, WV 26836

(304) 530-0230

kelly.shockey@courtswv.gov

/s/ Michael Lorensen
Circuit Court Judge
Ref. Code: 24Q94Y0EX

E-FILED | 11/8/2024 12:50 PM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

## In the Circuit Court of Hardy County, West Virginia

**State of West Virginia,**
Plaintiff,

v.                                                            Case No. CC-16-2024-F-55
                                                              Judge Michael Lorensen

**Kelly S. Crites,**
Defendant


### Order Denying Expedited Motions for Bill of Particulars

Currently pending before the Court is the Defendant Kelly S. Crites' *Expedited Motion for Bill of Particulars* filed in Hardy County Criminal Case Nos. 24-F-55, 58, 61, 64, 67, and 70 on October 31, 2024, by her counsel, Steven R. Ruby, Esq., and the law firm of Carey Douglas Kessler & Ruby PLLC, and Defendant John W. Crites, Sr.'s *Expedited Motion for Bill of Particulars* filed in Hardy County Criminal Case Nos. 24-F-53, 56, 59, 62, 65, and 68 on November 1, 2024, by his counsel, Michael B. Hissam, Esq., and the law firm of Hissam Forman Donovan Ritchie PLLC.

West Virginia Code § 62-1B-1 provides that the "court for cause may direct the prosecuting attorney to file a bill of particulars." However, the Supreme Court of Appeals of West Virginia has explained that:

> An indictment for a statutory offense is sufficient if, in charging the offense, it adopts and follows the language of the statute, or uses substantially equivalent language, and plainly informs the accused of the particular offense charged and enables the court to determine the statute on which the charge is founded.

Syl. Pt. 3, *State v. Slie*, 158 W. Va. 672, 213 S.E.2d 109 (1975) (*quoting Pyles v. Boles*, 148 W. Va. 465, 135 S.E.2d 692 (1964). The granting or denying of a "motion for a bill of particulars . . . rests in the sound discretion of the trial court, and unless it appears the such

discretion is abused the ruling . . . will not be disturbed." Syl. Pt. 7, in part, *State v. Nuckols*, 152 W. Va. 736, 166 S.E.2d 3 (1968).

Both Defendants bring their motions pursuant to West Virginia Rule of Criminal Procedure 7(f) for an order compelling the State to provide a bill of particulars. They argue that the indictments against them are not sufficient pursuant to the Sixth Amendment to the United States Constitution and Article III, § 14 of the West Virginia Constitution, which entitle them to be informed of the nature and cause of the accusation against them. The Defendants rely on *State v. Meadows*, 172 W. Va. 247, 304 S.E.2d 831 (1983) for their motions. The Supreme Court of Appeal of West Virginia held in *Meadows* that:

> "It is fundamental that the accused must be fully and plainly informed of the character and cause of the accusation. The Constitution so requires. . . . A bill of particulars is for the purpose of furnishing details omitted from the accusation or indictment, to which the defendant is entitled before trial."

*Meadows*, 172 W. Va. at 254, 304 S.E.2d at 838 (*quoting State v. Counts*, 90 W. Va. 338, 342, 110 S.E.812, 814 (1922).

The indictments in these matters are sufficient on their face and the Court declines to grant the request by the Defendants for a bill of particulars. The felony indictments in these cases each have one count of felony obtaining money or goods by false pretenses and one count of conspiracy to commit obtaining money or good by false pretenses. Each count of obtaining money or goods by false pretenses in violation of West Virginia Code § 61-3-24(a)(1) contains the necessary information to demonstrate that the indictment is sufficient – the crime alleged, the date of each alleged crime, and the specific dollar amount for each count of obtaining money or goods by false pretenses. Each count of conspiracy to commit obtaining money or goods by false pretenses in violation of West

Virginia Code § 61-10-31 contains the necessary language to demonstrate that the indictment is sufficient – the names of the individuals who allegedly conspired to commit the crime described on the count of obtaining money or goods by false pretenses. *SeeState v. Mathena*, 2014 WL 2404305, *3, No. 13-0714 (May 30, 2014) (Supreme Court of Appeals of West Virginia found that circuit court did not abuse discretion in denying petitioner's motion for bill of particulars in regard to felony indictment of four counts for obtaining money by false pretenses.)

Based upon the foregoing, Defendant Kelly S. Crites' *Expedited Motion for Bill of Particulars* filed in Hardy County Criminal Case Nos. 24-F-55, 58, 61, 64, 67, and and Defendant John W. Crites, Sr.'s *Expedited Motion for Bill of Particulars* filed in Hardy County Criminal Case Nos. 24-F-53, 56, 59, 62, 65, and 68, are hereby DENIED.

The Clerk is directed to transmit a true and correct copy of this Order to all counsel of record.

**/s/ Michael Lorensen**
Circuit Court Judge
22nd Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.

 West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:**  David Robert Pogue
drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following motion was FILED on 11/12/2024 9:55:31 AM

Notice Date:    11/12/2024 9:55:31 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 11/12/2024 9:55 AM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

## IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

**STATE OF WEST VIRGINIA,**

v.                                            **CIRCUIT COURT CASE NO.: 24-F-55**
                                                                      **24-F-58**
                                                                      **24-F-61**
                                                                      **24-F-64**
                                                                      **24-F-67**
                                                                      **24-F-70**

**KELLY S. CRITES,**

    **Defendant.**

## DEFENDANT KELLY S. CRITES' REPLY IN SUPPORT OF MOTION FOR RECORDS AND TRANSCRIPTS OF GRAND JURY PROCEEDINGS

As stated initially in Defendant's motion, this Court has the power to authorize the disclosure of the grand jury proceedings "upon a showing that grounds *may* exist for a motion to dismiss the indictment because of matters occurring before the grand jury." W. Va. R. Crim. P. 6(e)(3)(c)(ii) (emphasis added). Such grounds were already plausibly present based upon the faces of the indictments. Notwithstanding the prior bases, the discovery provided further outlines the meritless nature of the indictments against Ms. Crites and bolsters the indication that something improper *may* have occurred before the grand jury to secure the indictments, and the State's response does not overcome this reality.

Instead, the State proposes an improper interpretation of the West Virginia Rules of Criminal Procedure, which would render Rule 6(e)(3)(c)(ii) effectively meaningless. While the State disparagingly emphasizes that Defendant's motion merely states that grounds "may" exist for the motion, that is all the rule requires, and indeed all it could require. The State improperly faults Defendant for not being able to point *specifically* to what occurred during the grand jury proceedings to warrant a motion while simultaneously vigorously endeavoring to preclude

Defendants from seeing exactly that. The circular argument should be rejected. Under the State's reading, no Defendant could *ever* present the requisite showing to obtain relief under this rule.

Further, multiple factors have emerged since Defendant initially filed her motions further bolstering the grounds for relief.

First, the State's discovery disclosures included a highly exculpatory affidavit and exculpatory interview possessed by the State prior to the presentment of these matters to the Grand Jury. Notwithstanding the fact that Ms. Crites had no relevant interaction with the alleged facts in this matter, the existence of both of these pieces of evidence, which may or may not have been presented to the Grand Jury, directly undermine probable cause for the charged offenses.

To elaborate, an affidavit from Allegheny Wood Products' independent financial advisor, John W. Teitz, establishes that the bank accounts at issue in this matter had adequate funds to cover the expenses at issue and that no one outside United Bankshares, Inc. had any advanced knowledge that the bank accounts would be frozen. This directly undermines probable cause in this matter for *any* of the Defendants. Further, the discovery included substantial records regarding the receivership in place for Allegheny Wood Products, including a copy of the receivership order from Judge Kleeh in the United States District Court for the Northern District of West Virginia, a letter from the Receiver to the Hardy County Prosecutor explaining the situation, and a recorded interview with the receiver explaining precisely how the receivership order operated to entirely restrict the Defendants with respect to the property and claims at issue in this case. All of these records overwhelmingly undermine any probable cause for the charged offenses for *any* of the co-defendants.

Although West Virginia courts have not, to date, explicitly established whether prosecutors must present highly exculpatory evidence to the Grand Jury in seeking an indictment, the West

Virginia Supreme Court of Appeals has acknowledged the ability of the prosecutors to present such evidence to the grand jury. *See State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 664 (1989). And the courts have not affirmatively held that such disclosure is *not* required.  When coupled with the special ethical obligations of a prosecutor under Rule 3.8(a) of the West Virginia Rules of Professional Conduct to "refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause," there is good reason to believe that the failure to present highly exculpatory evidence undermining probable cause is improper. Accordingly, to the extent such presentation was required and not done, the review of the grand jury proceedings would establish a basis for a motion to dismiss.

Second, upon review of the State's discovery disclosures, the concerns highlighted in Ms. Crites's motions have been amplified. This is not a matter of challenging the "sufficiency" of the evidence, but a case in which the discovery includes *zero* evidence related to Ms. Crites. Quite literally, the sole factual connection established in the discovery documents appears to be two verbatim references in the criminal complaint filed by Sheriff S. R. Dawson against Ms. Crites' brother on March 25, 2024, and Sheriff Dawson's Criminal Investigation Report, which both state:

> "This officer [Dawson] performed an online search through the West Virginia Secretary of State Data Service to determine the Organizational Information for this company. At that time this officer noted John W. Crites to be the Director, John W. Crites II to be the Director, John W. Crites II to be the Incorporator, John Crites II to be the President and Kelly Crites to be the Secretary."

This appears to be the *sole* mention of Ms. Crites in *any* of the investigative documents or other records provided in discovery, and there is no indication of any action ever taken by Ms. Crites.

Making matters worse, Sheriff Dawson included the results of the search he conducted on the Secretary of State's website, which highlights that he seemingly pulled the records from a separate corporation. The record provided, on pages 59-61 of the Criminal Investigation Report,

indicates that the search was conducted on March 13, 2024, at 1:41 pm. Therein, Sheriff Dawson obtained the records for "Allegheny Wood Products International, Inc."—a distinct corporate entity from Allegheny Wood Products, Inc., which signed the relevant checks in this matter. Thus, the only factual connection the State provided in its discovery is a facially irrelevant connection that Ms. Crites allegedly was listed as "Secretary" of an entity not connected to the allegations in the Indictment.

The State fails to address this discrepancy in its Response, instead merely asserting that "[t]he Defendants in this matter are the sole officers of the corporation," and that "[b]ased upon their positions within the corporation, there is certainly reasonable ground to suspect Defendant's committed the allegations contained within the Indictments and for Grand Jury to make such a finding." However, as detailed above, the State does not appear to have had any evidence to support that assertion when it presented this claim to the grand jury. Further, the mere fact that someone is the Secretary of a corporation does not make it reasonable to believe that she is guilty of intentional, criminal wrongdoing with respect to the corporation's acquisition of property. Accordingly, there is no basis within the discovery provided by which a grand jury could have found probable cause to indict Ms. Crites.

To obtain these indictments, the State would have had to establish probable cause that Ms. Crites committed the offenses. Based upon the discovery provided and the facts of this case, this standard could only plausibly have been met by improper argument, improper instruction, misleading testimony, or some other impropriety. Accordingly, given the now increased likelihood that something occurring within the grand jury proceedings would form the basis for a motion to dismiss this indictment, there is good cause for the Court to authorize the disclosure to Defendant.

Finally, the Court should reject the misdirection from the State's final non-sequitur and red herring regarding the experience of the grand jurors, seemingly offered in an attempt to use the grand jurors to shield the Prosecuting Attorney and his witnesses from appropriate scrutiny. Nowhere in Defendant's motions does she mention or raise *any* assertion regarding the experience or integrity of the jurors themselves, nor is that even a relevant question for the Court in ruling on these motions. Defendant merely asserts that, given the circumstances, grounds may exist to support a motion to dismiss based upon matters occurring before the grand jury. The Prosecuting Attorney's irrelevant assertion regarding the Grand Jurors' general understanding of their roles and responsibilities does nothing to negate that assertion.

For all the foregoing reasons, the Court should reject the State's objections and grant Defendant's motion.

Respectfully submitted,

KELLY S. CRITES

By Counsel,

/s/ Steven R. Ruby
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
**CAREY DOUGLAS KESSLER & RUBY PLLC**
707 Virginia Street, East
901 Chase Tower
Charleston, West Virginia 25323
(304) 345-1234
sruby@cdkrlaw.com
drpogue@cdkrlaw.com

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

v.                                     CIRCUIT COURT CASE NO.: 24-F-55
                                                              24-F-58
                                                              24-F-61
                                                              24-F-64
                                                              24-F-67
                                                              24-F-70


KELLY S. CRITES, SR,

    Defendant.

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on the 12th day of November, 2024, the

foregoing *Reply in Support of Motion for Records and Transcripts of Grand Jury Proceedings*

was electronically filed with the Clerk of Court using the WV E-Filing system, which will send

notice of same to counsel of record.


/s/ Steven R. Ruby
Steven R. Ruby (WVSB No. 10752)
**CAREY DOUGLAS KESSLER & RUBY PLLC**
707 Virginia Street, East
901 Chase Tower
Charleston, West Virginia 25323
(304) 345-1234
sruby@cdkrlaw.com

 West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:** David Robert Pogue
drpogue@cdkrlaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following motion was FILED on 11/12/2024 9:16:54 AM

Notice Date:    11/12/2024 9:16:54 AM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

E-FILED | 11/12/2024 9:16 AM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

## IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

**STATE OF WEST VIRGINIA,**

v.

**CIRCUIT COURT CASE NO.: 24-F-55**
**24-F-58**
**24-F-61**
**24-F-64**
**24-F-67**
**24-F-70**

**KELLY S. CRITES,**

    **Defendant.**

### DEFENDANT KELLY S. CRITES' MOTION TO DISQUALIFY OFFICE OF THE HARDY COUNTY PROSECUTING ATTORNEY

A conflict of interest has cast a cloud of suspicion over the propriety of these prosecutions. Accordingly, to preserve the public trust in the criminal justice system and the fair administration of justice, the Defendant respectfully moves this Court to order the disqualification of the Office of the Hardy County Prosecuting Attorney from further involvement with these matters.

The Hardy County Prosecuting Attorney has disclosed—on the record—that he and his office have an unwaivable conflict of interest with respect to one alleged victim of the interconnected alleged conspiracies involving the same alleged co-conspirators, the same relevant time frame, the same alleged nature of the conspiracy, and a substantially similar nucleus of operative facts. On October 17, 2024, the Prosecuting Attorney moved to disqualify his office solely from "Investigation No. HCSO-024-048." Rather than recusing from the entirety of the prosecution to remove any potential cloud of impropriety, the Prosecuting Attorney has taken the astounding step of picking and choosing his victims in an attempt to surgically shave off the conflict of interest while continuing to prosecute the same defendants in all other respects. However, the very conflict which necessitated the Prosecutor's recusal from the unindicted matter must extend to these matters. The admitted conflict of interest with respect to one alleged victim

has created the unshakeable appearance of impropriety across all the related matters. Because such a conflict could erode confidence as to the impartiality of the criminal justice system, the disqualification of the Hardy County Prosecutor is wholly justified.

The West Virginia Supreme Court of Appeals has outlined both the practical and, critically, the policy-based rationales for disqualification of a prosecutor laboring under a conflict of interest. As the WVSCA has made clear, there are two major categories under which a prosecutor should be disqualified:

> The first is where the prosecutor has had some attorney-client relationship with the parties involved whereby he obtained privileged information that may be adverse to the defendant's interest in regard to the pending criminal charges. A second category is where the prosecutor has some direct personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question.

*Syl Pt. 1, in part, Nicholas v. Sammons*, 178 W. Va. 631 (1987). Here, the second category applies in full force, as admitted by the Prosecuting Attorney himself, and raises visceral concerns implicating public confidence in the criminal justice system. *See id.* at 632 ("[I]f a prosecutor has a conflict or personal interest in a criminal case that he is handling, this can erode the public confidence as to the impartiality of the system.").

Following the October 22, 2024, arraignment on these matters, the Court entered an order disqualifying the Prosecuting Attorney and his staff from the related matter involving a different victim that has yet to be indicted, who is purportedly a Hardy County Commissioner or family member thereof. Thus, as the Court recognized and the Prosecuting Attorney admitted, there is, in fact, a conflict of interest with respect to the Prosecuting Attorney's involvement in this investigation, at least with respect to one of the alleged victims. While merely the appearance of a conflict is sufficient for disqualification, this conflict of interest goes beyond mere appearances.

The Prosecuting Attorney, by law, has a statutory attorney-client relationship with the County Commission, and by extension, its commissioners. *See* W. Va. Code § 7-4-1(a). This reality creates a web of conflicted interests and incentives which cannot be unwound from its legal and factual connection with these proceedings. In essence, the County Prosecutor is prosecuting Ms. Crites for an alleged scheme that purportedly harmed someone so close to the Office of the Hardy County Prosecuting Attorney that the entire office is—by the Prosecuting Attorney's own admission— disqualified from any further involvement.  Given the nature of this conflict coupled with the Prosecuting Attorney's clear admission that his entire office is conflicted, the public cannot plausibly have confidence that the aggressive manner of the attempt to prosecute Ms. Crites on behalf of the other victims is not, at least in part, influenced by that very conflict.  *See* Syl Pt. 4, in part, *State v. Knight*, 168 W.Va. 615 (1981) ("Under circumstances where it can reasonably be inferred that the prosecuting attorney has an interest in the outcome of a criminal prosecution beyond ordinary dedication to his duty to see that justice is done, the prosecuting attorney should be disqualified from prosecuting the case.").

Disqualification based on this apparent conflict is wholly consistent with the broader ethical standards that require attorneys generally, and *especially* prosecutors, to avoid even the *appearance* of any conflict of interest. *See Nicholas*, 178 W. Va. at 633-34 (citing *Knight*, 168 W. Va. at 625) (internal citations omitted). Given the on the record admission of a conflict in a deeply related matter, doubts should be resolved in favor of disqualification in order to promote public confidence in the system. *See Garlow v. Zakaib*, 186 W.Va. 457, 460-61 (1991) (*citing United States v. Clarkson*, 567 F.2d 270, 274 n.3 (4th Cir. 1977) ("In determining whether to disqualify counsel for conflict of interest, the trial court is not to weigh the circumstances 'with hair-splitting

nicety' but, … with a view of preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification.") (citations omitted).

WHEREFORE, the Defendant respectfully requests that this Court enter an order disqualifying the Office of the Hardy County Prosecuting Attorney from these matters, and the subsequent appointment of a Special Prosecutor by the West Virginia Prosecuting Attorneys Institute pursuant to West Virginia Code § 7-4-6.

Respectfully submitted,

KELLY S. CRITES

By Counsel,

/s/ Steven R. Ruby
Steven R. Ruby (WVSB No. 10752)
David R. Pogue (WVSB No. 10806)
**CAREY DOUGLAS KESSLER & RUBY PLLC**
707 Virginia Street, East
901 Chase Tower
Charleston, West Virginia 25323
(304) 345-1234
sruby@cdkrlaw.com
drpogue@cdkrlaw.com

**IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA**

**STATE OF WEST VIRGINIA,**

v.                                         **CIRCUIT COURT CASE NO.: 24-F-55**
                                                                  **24-F-58**
                                                                  **24-F-61**
                                                                  **24-F-64**
                                                                  **24-F-67**
                                                                  **24-F-70**

**KELLY S. CRITES, SR,**

   **Defendant.**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel does hereby certify that on the 12th day of November, 2024, the

foregoing ***Motion to Disqualify Office of the Hardy County Prosecuting Attorney*** was

electronically filed with the Clerk of Court using the WV E-Filing system, which will send

notice of same to counsel of record.

                              */s/ Steven R. Ruby*
                              Steven R. Ruby (WVSB No. 10752)
                              **CAREY DOUGLAS KESSLER & RUBY PLLC**
                              707 Virginia Street, East
                              901 Chase Tower
                              Charleston, West Virginia 25323
                              (304) 345-1234
                              sruby@cdkrlaw.com



West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:**   David Robert Pogue
drpogue@cdkrlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA
State of West Virginia v. Kelly S. Crites
CC-16-2024-F-55

The following order - motion was FILED on 11/12/2024 2:09:25 PM

Notice Date:     11/12/2024 2:09:25 PM

Kelly Shockey
CLERK OF THE CIRCUIT COURT
Hardy County
204 Washington St RM 237
MOOREFIELD, WV 26836

(304) 530-0230
kelly.shockey@courtswv.gov

/s/ Michael Lorensen
Circuit Court Judge
Ref. Code: 24T0VLOJX

E-FILED | 11/12/2024 2:09 PM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

**In the Circuit Court of Hardy County, West Virginia**

**State of West Virginia,**
Plaintiff,

v.

**Kelly S. Crites,**
Defendant

Case No. CC-16-2024-F-55
Judge Michael Lorensen


**Order Denying Motions for Grand Jury Testimony, Transcripts, and Records**

Currently pending before the Court is the Defendant John W. Crites, Jr.'s *Motion for Grand Jury Testimony*, filed in Hardy County Criminal Case Nos. 24-F- 54, 57, 60, 63, 66, and 69 on October 21, 2024, by his counsel, Isaac Sponaugle, III., Esq., and the law firm of Sponaugle & Sponaugle; Defendant Kelly S. Crites' *Motion for Records and Transcripts of Grand Jury Proceedings* filed in Hardy County Criminal Case Nos. 24-F- 55, 58, 61, 64, 67, and 70 on October 21, 2024, by her counsel, Steven R. Ruby, Esq., and the law firm of Carey Douglas Kessler & Ruby PLLC, and Defendant John W. Crites, Sr.'s *Motion for Records and Transcripts of Grand Jury Proceedings* filed in Hardy County Criminal Case Nos. 24-F-53, 56, 59, 62, 65, and 68 on October 21, 2024, by his counsel, Michael B. Hissam, Esq., and the law firm of Hissam Forman Donovan Ritchie PLLC. The State of West Virginia, by its counsel, H. Orrin Staggers III, Esq., Assistant Prosecuting Attorney, Hardy County, West Virginia, filed its Response briefs on October 30, 2024. Defendant John W. Crites, Sr. filed his Reply briefs on October 31, 2024, and Defendant Kelly S. Crites filed her Reply briefs on November 12, 2024. Therefore, the motions are ripe for decision.

Rule 6(e)(2) of the West Virginia Rules of Criminal Procedure provides for a

general rule of secrecy regarding grand jury proceedings. Specifically, this section of the rule provides that:

> A grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the state, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

W. Va. R. Cr. P. 6(e)(2). Rule 16(a)(3) of the West Virginia Rules of Criminal Procedure specifically provides that the discovery rules in criminal proceedings do not "relate to discovery or inspection of recorded proceedings of a grand jury . . . ." except as provided for in Rules 6, 12(i) and 26.2.

Defendants Kelly S. Crites and John W. Crites, Sr., bring their motions pursuant to Rule 6(e)(3)(C)(ii) of the West Virginia Rules of Criminal Procedure which authorizes the disclosure of grand jury proceedings "when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Defendant John W. Crites, Jr. simply moves the Court to compel the prosecuting attorney to provide the defendant with a transcript of all the witnesses' testimony that were presented to the grand jury. Both Defendants Kelly S. Crites and John W. Crites, Sr. argue that as there is a substantial likelihood that "something" occurred within the grand jury proceedings that would form the basis for a motion to dismiss the indictment, there is good cause for the Court to authorize the disclosure of the grand jury proceedings.

The Defendants' allegations are simply not sufficient to demonstrate good cause for the Court to authorize the disclosure of the grand jury proceedings. As explained by the

State of West Virginia, Defendants are asking this Court to breach the sanctity of the grand jury proceedings to allow the Defendants to search for further support for their vague arguments for lack of probable cause to support the indictments against them. Defendants' arguments for disclosure on the basis of inability to identify precisely what may have occurred to secure the indictment without a showing of any law or fact in support of their position is not sufficient for the Court to stray from the general rule against disclosure. None of the authorities cited by the Defendants support the requested action the facts presented here.

At this juncture, Defendants have made no showing of a substantive basis for disclosure of the private proceedings other than their disagreement with the grand jury's finding of probable cause. Defendant John W. Crites, Sr., argues in his Reply that exculpatory evidence exists which may or may not have been presented to the grand jury. However, he admits in his brief that West Virginia courts have not explicitly established whether prosecutors must present exculpatory evidence to the grand jury in seeking an indictment. The Supreme Court of Appeals of West Virginia has simply observed that such evidence may be presented to the grand jury by the prosecutor. *See State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 664, 383 S.E.2d 844, 846 (1989).

The crux of the Defendants' argument is based on their allegations that no evidence exists for the grand jury to find probable cause for the indictments against them. They essentially argue that a review of the grand jury proceedings will support a possible motion to dismiss the indictments by demonstrating that the finding of probable cause "could only plausibly have been met by improper argument, improper instruction, misleading testimony, or some other impropriety." *See* Defendant John W. Crites, Sr.'s

*Reply* brief.

The Supreme Court of Appeals of West Virginia has held in regard to the function of a grand jury in criminal proceedings that:

> Ultimately, the grand jury decides whether probable cause exists to *charge* a person with committing a crime, not whether the evidence proves beyond a reasonable doubt that a defendant must be *convicted* of that crime; the grand jury's role "is not to determine the truth of the charges against the defendant, but to determine whether there is sufficient probable cause to require the defendant to stand trial."

*State ex rel. State v. Gwaltney*, 249 W. Va. 706, 713, 901 S.E.2d 70, 77 (2024), *quoting State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 665, 383 S.E.2d 844, 847 (1989) (explaining the grand jury institution and its function).

In *Gwaltney*, the Supreme Court explained that "[a]fter a grand jury returns an indictment, circuit courts have limited powers of review. A court may review an indictment 'only for constitutional error and prosecutorial misconduct.'" *Id.* at 714, 901 S.E.2d at 78, *quoting State v. Adams*, 193 W. Va. 277, 284, 456 S.E.2d 4, 11 (1995). Further, the Supreme Court held that a court "may not appraise the legality or sufficiency of the evidence considered by the grand jury in absence of willful, intentional fraud . . . [i]nstead, courts must presume that every indictment is found upon proper evidence." *Gwaltney, supra (internal citations omitted).* If a grand jury hears "improper evidence, any purported error can be corrected in the trial before a petit jury." *Id.*

Additionally, the *Gwaltney* Court held that a trial court may review an indictment to determine whether it is a constitutionally sufficient, which it goes on to explain that a constitutionally sufficient "indictment must (1) state the elements of the charged offense; (2) put a defendant on 'fair notice' of the charge against which a defendant must defend; and (3) allow a defendant 'to assert an acquittal or conviction' to avoid double jeopardy."

*Id.* at 715, 901 S.E.2d at 79, *citing* Syl. Pt. 6, in part, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999). However, the *Gwaltney* Court emphasized that "a review for constitutional sufficiency is limited to the face of the indictment and does not extend to any evidence supporting the indictment. *Id. (internal citations omitted)*. Ultimately, the Supreme Court concluded that absent a reason relating to prosecutorial misconduct or constitutional sufficiency, "[a] circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for indictment exists." Syl. Pt. 3, *Gwaltney*. As this Court held in its *November 8, 2024 Orders Denying Expedited Motions for Bill of Particulars*, the indictments in these matters are sufficient on their face.

Defendants bring their motions on the basis of their argument that no evidence exists to support the grand jury's indictments and that the transcript of the grand jury proceedings may provide additional basis for a possible motion to dismiss the indictments against them, as the finding of probable cause "could only plausibly have been met by improper argument, improper instruction, misleading testimony, or some other impropriety." *See* Defendant John W. Crites, Sr.'s *Reply* brief. Without any allegations of prosecutorial misconduct or to the constitutional sufficiency of the face of the indictment, the Court has no authority to grant such a motion to dismiss and, therefore, declines to grant the Defendants' motions for grand jury testimony, transcripts, and records in an effort to bring such a motion.[1]

Based upon the foregoing, Defendant John W. Crites, Jr.'s *Motion for Grand Jury Testimony*, Defendant Kelly S. Crites' *Motion for Records and Transcripts of Grand Jury Proceedings*, and Defendant John W. Crites, Sr.'s *Motion for Records and Transcripts of*

*Grand Jury Proceedings*, are hereby DENIED.

The Clerk is directed to transmit a true and correct copy of this Order to all counsel of record.

[1]In applying the exception found in the similar Federal counterpart to our Rule 6(e)(3) of the West Virginia Rules of Criminal Procedure, federal courts have held that the decision to disclose grand jury proceedings is a matter within the trial court's discretion and that general allegations are insufficient and that a party seeking grand jury matters must instead show a "particularized need for the material." *U.S. v. Burke*, 856 F. 2d 1492, 1496 (11th Cir. 1988).

**/s/ Michael Lorensen**
Circuit Court Judge
22nd Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.

 West Virginia E-Filing Notice

CC-16-2024-F-55

Judge: Michael Lorensen

**To:** David Robert Pogue
drpogue@cdkrlaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF HARDY COUNTY, WEST VIRGINIA

State of West Virginia v. Kelly S. Crites

CC-16-2024-F-55

The following order - motion was FILED on 11/15/2024 11:39:09 AM

Notice Date:     11/15/2024 11:39:09 AM

Kelly Shockey

CLERK OF THE CIRCUIT COURT

Hardy County

204 Washington St RM 237

MOOREFIELD, WV 26836

(304) 530-0230

kelly.shockey@courtswv.gov

/s/ Michael Lorensen
Circuit Court Judge
Ref. Code: 24WE9091X

E-FILED | 11/15/2024 11:39 AM
CC-16-2024-F-55
Hardy County Circuit Clerk
Kelly Shockey

## In the Circuit Court of Hardy County, West Virginia

**State of West Virginia,**
Plaintiff,

v.

Case No. CC-16-2024-F-55
Judge Michael Lorensen

**Kelly S. Crites,**
Defendant

### Order Scheduling Evidentiary Hearing

Currently pending before the Court is *Defendant John W. Crites, Sr.'s Motion to Disqualify Office of the Hardy County Prosecuting Attorney*, filed in Hardy County Criminal Case Nos. 24-F-53, 56, 59, 62, 65, and 68 on October 31, 2024, by his counsel, Michael B. Hissam, Esq., and the law firm of Hissam Forman Donovan Ritchie PLLC, as well as *Defendant Kelly S. Crites's Motion to Disqualify Office of the Hardy County Prosecuting Attorney*, just recently filed in Hardy County Criminal Case Nos. 24-F-55, 58, 61, 64, 67, and 70 on November 12, 2024, by her counsel, Steven R. Ruby, Esq., and the law firm of Carey Douglas Kessler & Ruby PLLC.

As this matter requires an evidentiary hearing in order for the Court to makes its determination, the Court does direct that this matter be scheduled for hearing on **Tuesday, December 3, 2024**, at the hour of **3:30 p.m.** at the Hardy County Courthouse, 204 Washington Street, Room 237, Moorefield, West Virginia. Even though the motions to disqualify were not filed in all 18 cases, Criminal Case Nos. 24-F-53 through 24-F-70, such cases are all related and this Order will be filed in all 18 cases so that any party and his or her counsel may receive notice to attend in order to protect their interests.

The Clerk is directed to transmit a true and correct copy of this Order to all counsel of record.

**/s/ Michael Lorensen**
Circuit Court Judge
22nd Judicial Circuit


Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.